IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY MARSHALL, *et al.*, :

Plaintiff, :

vs. : CIVIL ACTION 06-0840-CB-M

:

Defendants. :

REPORT AND RECOMMENDATION

Plaintiffs, who are proceeding *pro se*, commenced this action by filing a self-styled complaint and a motion to proceed without prepayment of fees (“motion”)(Doc. 2). Plaintiffs’ motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). Because Plaintiffs sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 when they filed their motion, the Court was required to screen the complaint under 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). Since filing this action, Plaintiffs, of their own volition, paid the $350 filing fee (Doc. 7) and have filed documents, pursuant to Court order, purporting to be amended complaints (Docs. 5 & 9). After review of the Complaint (Doc. 1) and the subsequent Amended Complaints (Docs. 5 & 9), it is recommended this action be dismissed without prejudice for lack of subject matter jurisdiction or, in the

alternative, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure and with the Court's Orders.

I. Nature of Proceedings.

Plaintiffs' initial Complaint (Doc. 1) was found to be unintelligible and lacking a basis for the Court's subject matter jurisdiction. (Doc. 3). No defendant was identified, no factual allegations were offered describing what the unidentified defendant did, and no request for relief was specified.

In light of these deficiencies, Plaintiffs were ordered to file an amended complaint correcting the noted deficiencies. (Doc. 3). Plaintiffs also were advised of Rule 8(a) of the Federal Rules of Civil Procedure and its pleading requirements and were provided the Court's *Pro Se Litigant Guide*. The necessity of establishing this Court's subject matter jurisdiction was stressed to Plaintiffs. A warning was then given to Plaintiffs that their action would be dismissed if the amended complaint did not establish subject matter jurisdiction or comply with Rule 8(a).

In response to the Court's Order, Plaintiffs filed documents with the explanation, "Please receive this attachment to Previous filing: Discovery was made August of 2006." (Doc. 5 at 1). The attachment contained one page of the goals of "Academics in the World of Fashion, Inc" and two pages, printed

from the internet, displaying blue jeans.

No other document was filed during the time for filing the amended complaint. Therefore, the Court treated the filing as the First Amended Complaint and pointed out to Plaintiffs that this filing did not cure the noted pleading deficiencies and did not resemble the complaint form contained in the *Pro Se Litigant Guide.* (Doc. 6 at 4).

In addition to the requirement of filing an amended complaint, Plaintiffs were to file their separate motions to proceed without prepayment of fees. (Doc. 3). Plaintiffs did not comply with the Court's Order but instead filed another joint motion. (Doc. 4). The Court denied the second joint motion and gave Plaintiffs another opportunity to file individual motions to proceed without prepayment of fees or to pay the $350 filing fee. (Doc. 6). Plaintiffs chose to pay the $350 filing fee. (Doc. 7).

After receipt of the filing fee, the Court again reviewed this action and provided Plaintiffs with another opportunity to file an amended complaint that complied with Rule 8(a) and established the Court's subject matter jurisdiction. The Court gave explicit directions that, in addition to those previously supplied, Plaintiffs must provide the names of defendants and each defendant's current address, the actions taken by each defendant that caused each Plaintiff's injury, and the injury.

During the time for filing the superseding amended complaint, Plaintiffs filed a document titled "Amendment to Complaint." (Doc. 9). Absent from this pleading is an adequate jurisdictional statement and defendants' names, each defendant's current address, the offending action of each defendant that caused each Plaintiff an injury, and the injury. Instead, the Second Amended Complaint is essentially unintelligible. Although words may be correctly spelled, the sentences that they are used in, for the most part, do not contain a coherent thought.

In the Second Amended Complaint (Doc. 9), Plaintiffs attempt to describe a history that begins with Plaintiff Larry Marshall at twelve years of age in Suffolk, Virginia. He mentions high school, Washington, D.C., selling stock in Virginia, and a bank account in Suffolk, Virginia. Most of the other allegations are not able to be understood. In addition, Plaintiffs attached the same two pages from the internet that were attached to the First Amended Complaint, which displayed blue jeans, and an advertisement from a Mobile, Alabama, store with the word "Akademis" circled.

Notwithstanding the inscrutable allegations, two statements are able to be understood to a point. The first statement is "The State of VA, in 1994 stop receiving payment for stock sell. Which I just found out in 2007." (Doc. 9 at 3). The second statement is, "My civil jurisdiction cause: To Review Bookwork

Finicial Accounts business plans, stock value of our ownership, our rights of employment, an my rights of endorsements[.]" (*Id.* at 4). These statements are indistinct and they do not state a legal claim or a recognizable jurisdictional basis.

II. Discussion.

A. Lack of Subject Matter Jurisdiction.

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). That is, a federal court is authorized by the Constitution or Congress to hear only certain types of actions. *Id.* "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001). "[A] federal court should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings. . . . [and] is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 2000) (citations omitted). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of

jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

It is a plaintiff's duty in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'") (citation omitted); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980)(same).[1],[2] Furthermore, Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]"[3] Plaintiffs,

---

[1]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[2]It was incumbent on Plaintiffs to establish the existence of diversity jurisdiction (28 U.S.C. § 1332) or federal question jurisdiction (28 U.S.C. § 1331). *See Taylor,* 30 F.3d at 1367 ("Congress granted federal courts jurisdiction over diversity cases and cases raising a federal question.").

[3]Rule 8(a) of the Federal Rules of Civil Procedure (2007) states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court

however, have not identified a viable basis for the Court's jurisdiction in the Second Amended Complaint, nor have they provided facts that would support federal jurisdiction. Even though a *pro se* plaintiff's allegations are held to a more lenient standard than the allegations of an attorney, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972), the Court is still unable to discern a basis for its jurisdiction.[4] Because jurisdiction is lacking, it is recommended that this action be dismissed for lack of subject matter jurisdiction.

B. Lack of a Short and Plain Statement Showing the Plaintiffs Are Entitled to Relief.

In the event that a jurisdictional basis could be discerned

already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitle to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[4]A *pro se* plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 960 (1989).

from Plaintiffs' Second Amended Complaint, this action is nonetheless subject to dismissal on the alternate basis of failure to plead "a short and plain statement of the claim showing that the pleader is entitle to relief[.]" FED.R.CIV.P. 8(a)(2). This other requirement of Rule 8 mandates that the complaint be a plain statement of the claim. A plain statement is one that is able to be understood. The Second Amended Complaint is not able to be understood as it does not contain a cogent, coherent claim showing that Plaintiffs are entitled to relief. (Doc. 9).

Complaints of this nature are subject to dismissal because a defendant is not placed on notice of the claim against him or her, is unable to formulate a response, and will not be able to prepare for trial. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993) ("[A]ll the [Federal Rules of Civil Procedure] require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *Roe v. Aware Woman Cent. for Choice, Inc.,* 253 F.3d 678, 684 (11th Cir. 2001) (Rule 8(a) "requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory"); *Owens v. Shields,* 34 Fed.Appx. 33, 34 (2d Cir. 2002) (unpublished)

(quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988)) ("If a complaint is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,' the district court may dismissed the complaint"); *Huang v. Shiu,* 124 F.R.D. 175, 177 n.3 (N.D. Ill. 1988) ("It should not be the responsibility of the Court or the defendants to pore over the complaint in an attempt to ascertain what it intends to say. . . . [T]he complaint must be sufficient to allow a defendant to respond").

Plaintiffs were warned by the Court in its Order dated April 10, 2008 (Doc. 8), that if their Second Amended Complaint failed to comply with Rule 8(a), their action would be dismissed. *See Pelletier v. Zweifel,* 921 F.2d 1465, 1522 n.103 (11th Cir.) ("A trial judge should intervene at the earliest possible moment [when faced with a complaint that does not comply with Rule 8] and should require that the plaintiff replead his entire case."), *cert. denied,* 502 U.S. 855 (1991). In response to the Court's Order (Doc. 8), Plaintiffs filed their Second Amended Complaint. (Doc. 9). This attempt to plead an amended complaint does not comply with Rule 8(a), however. When a re-pled complaint does not comply with Rule 8(a), then the complaint is due to be dismissed under Rule 41(b) for failure to provide a short and plain statement as required by Rule 8(a). *Id.*; *see Navijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981)

(affirming the dismissal of an action with prejudice for failure to comply with Rule 8(a) and (e) which occurred shortly after plaintiffs filed a motion for permission to file a second amended complaint). Accordingly, it is recommended that pursuant Rule 41(b) of the Federal Rules of Civil Procedure, the Second Amended Complaint be dismissed without prejudice for failure to comply with Rule 8(a)(2)'s requirement that the complaint contain a short and plain statement showing that Plaintiffs are entitled to relief.

III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction or, in the alternative, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure and with the Court's Orders.[5]

---

[5]After filing the present action, Plaintiff filed another action, CA 07-0690-CB-B (S.D. Ala. Apr. 21, 2008), against Dr. Rashti. This action was dismissed for failure to establish this Court's subject matter jurisdiction over his action. (Docs. 5, 7 & 8)).

Plaintiff's manner of pleading in the subsequent action is similar, but somewhat clearer, than the pleading found in the present action. For example, in Plaintiff's First Amended Complaint (Doc. 4), he alleged that when he was nine years old, Dr. Rashti implanted a device in his head after he suffered a concussion. This alleged mind tapping device has allowed "federal" to trace him since 2001. He is trying to finish Bishop State Community College so he can receive all of his business assets that he did not receive from a business that he started when he was ten years old.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the

fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 31st day of July, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE